## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| PABLO'S CAFÉ AND BAR LLC, an Illinois Corporation, | ) ) | |
| Plaintiff, | ) ) ) | Case No.: 1:24-cv-01770 |
| v. | ) ) | Judge Hon. Jeffrey I. Cummings |
| VILLAGE OF DOLTON, a municipal corporation; TIFFANY HENYARD, in her official capacity as Mayor of the Village of Dolton and Local Liquor Control Commissioners; and LEWIS LACEY, in his capacity as the Deputy Chief of Police for the Village of Dolton,, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### TIFFANY HENYARD'S AND LEWIS LACEY'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Tiffany Henyard and Lewis Lacey ("Individual Defendants"), by their undersigned attorney, and, pursuant to Fed. R. Civ. P. 12(b)(6) submit this Memorandum of Law in support of their Motion to Dismiss.

### FACTUAL BACKGROUND[1]

Pablo's Café and Bar LLC d/b/a Pablo's (hereinafter "Plaintiff") is an Illinois limited liability corporation that operates a bar and restaurant in the Village of Dolton. (Doc. 085 ¶ 4) Plaintiff had a Class D liquor license and a business license issued by the Village of Dolton that expired on April 30, 2023. (Id. ¶¶ 13-14). Plaintiff submitted an application for renewal of its licenses on April 15, 2023, but was not issued same. (Id. ¶ 19). Plaintiff continued operation until July 5, 2023 when Dolton Police shut down the business for operating without a liquor license.

---

[1] For purposes of this motion to dismiss only, Defendants take as true Plaintiff's well-pleaded allegations in the Complaint.

(Id. ¶¶ 21, 29, 31). Plaintiff filed an appeal of the closure with the Illinois Liquor Control Commission. (Id. ¶ 37). On October 3, 2023, Plaintiff was allowed to resume operations while awaiting a hearing. (Id. ¶¶ 38, 39).

On November 2, 2023, Plaintiff was served with a notice of hearing on the revocation or nonrenewal of its business license and liquor license. (Id. ¶¶ 65-66). A hearing was held before hearing officer Michael Kasper on January 26, 20241. (Id. ¶¶ 97). On February 20, 2024 the hearing officer issued a written recommendation to revoke Plaintiff's business and liquor licenses. (Id. ¶¶ 107-108). The same day, Officer Lacey and other Dolton Police Officers served Plaintiff with a Findings of Fact and Order indicating Plaintiff's licenses were revoked. (Id. ¶¶ 128, 130). No vote was taken by the Board of Trustees on the hearing officer's written recommendation. (Id. ¶¶ 120, 122, 135). Plaintiff appealed the decision to the Illinois Liquor Control Commission, which ordered Henyard to renew Plaintiff's local liquor license on August 7, 2024. (Id. ¶ 159).

Plaintiff brings an action under § 1983 against Defendants Tiffany Henyard. Lewis Lacey, and the Village for violation of due process (Count I) and first amendment retaliation (Count II). Plaintiff Also brings a Monell Claim against only the Village of Dolton (Count III). For the reasons stated below and in the Village of Dolton's Memorandum of Law in Support of its Motion to Dismiss (Doc. 87), Plaintiff's claims against Defendants Henyard and Lacey should be dismissed.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the

reasonable inference" that the defendant committed the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In evaluating a complaint under Rule 12(b)(6), a Court accepts all well-pleaded allegations as true and draws all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. This Court, however, need not accept a complaint's legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## ARGUMENT

I. **PLAINTIFF'S CLAIMS AGAINST DEFENDANTS HENYARD AND LACEY IN THEIR OFFICIAL CAPACITIES SHOULD BE DISMISSED AS REDUNDANT.**

Defendants Henyard and Lacey move to dismiss Plaintiff's claims against them in their official capacity on the basis that the official capacity claim is duplicative of the claims brought against the Village of Dolton itself. It is well-established law that a § 1983 claim "against a government employee acting in his official capacity is the same as a suit directed against the entity the official represents." *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999); *accord Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (recognizing that a claim brought against an individual in their official capacity is "in all respects other than name, to be treated as a suit against the [municipal] entity ... for the real party in interest is the entity") (internal citation omitted). Thus, when a plaintiff brings a claim against a municipal entity under § 1983, to the extent the plaintiff alleges the same claim against a government official in his or her official capacity, such claim is duplicative and subject to dismissal. *Moreno-Avalos v. City of Hammond, Ind.*, No. 2:16-cv-172, 2017 U.S. Dist. LEXIS 1191, 2017 WL 57850, at *2 (N.D. Ind. Jan. 4, 2017) ("If a plaintiff brings a suit against a government entity, any claim against an officer

3

of that entity in his or her official capacity is redundant and should be dismissed.") (collecting cases). In this case, all claims made against Defendants Henyard and Lacey are made against them in their official capacities as Mayor and Deputy Chief of Police of the Village of Dolton respectively, are also made against the Village of Dolton. The claims made against are therefore redundant and should be dismissed.

## II. PLAINTIFF FAILS TO PLEAD VIOLATIONS OF ITS DUE PROCESS OR FIRST AMENDMENT RIGHTS AND THOSE CLAIMS SHOULD THEREFORE BE DISMISSED.

Defendants Henyard and Lacey join, adopt, and incorporate by reference the Village of Dolton's Memorandum of Law in Support of its Motion to Dismiss (Doc. 87) as to Counts I (procedural due process) and II (First Amendment retaliation), as if fully set forth herein.

As the Village explains, the Second Amended Complaint pleads no facts plausibly establishing a constitutionally protected property interest in a business license, and, in any event, Illinois provides adequate post-deprivation remedies for any random and unauthorized acts regarding licensing. *See* Doc. 87 at 6-10. Those arguments dispose of Count I as to the Village and, for the same reasons, as to Henyard and Lacey in their official capacities.

The Village's brief also demonstrates that the Second Amended Complaint fails to allege protected speech or activity by Plaintiff and fails to plead facts supporting a plausible causal connection between any protected activity and the licensing actions alleged; the complaint's own chronology undermines any inference of retaliatory motive. *See* Doc. 87 at 10-11. These arguments likewise defeat Count II against Defendants Henyard and Lacey.

## CONCLUSION

For the reasons stated above, the Defendants request Plaintiff's Complaint be dismissed with prejudice as to Defendants Lacey and Henyard, and for any other relief this Court deems appropriate

Respectfully Submitted:
DEFENDANTS TIFFANY HENYARD
AND LEWIS LACEY

By: */s/ Michael J. Schalka*
Michael J. Schalka
Thomas More Leinenweber
Leinenweber, Daffada & Sansonetti, LLC
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
866-786-3705
mjs@ilesq.com